100 So.2d 70 (1958)
Sally Sabena BUCK, joined by her husband, Cameron Buck, Appellants,
v.
A.H. MOURADIAN, Appellee.
No. 57-257.
District Court of Appeal of Florida. Third District.
January 21, 1958.
George L. Knight and Vincent J. Zepp, Miami, for appellants.
Carey & Papy, Miami, for appellee.
HORTON, Judge.
The appellant, plaintiff in the court below, seeks the reversal of a final judgment entered consequent upon the granting of the *71 appellee-defendant's motion for summary judgment. The suit was instituted in the lower court by the appellant on December 26, 1956, charging the appellee, a physician, with malpractice in administering a series of x-ray treatments, causing injuries to the appellant. Specifically, it was charged that during the year 1951, the appellant engaged the appellee to treat her and pursuant to this agreement, she submitted herself for examination and treatment by the appellee, who thereafter carelessly and negligently administered a series of x-ray treatments which resulted in the appellant's receiving latent burns and injuries to the internal organs of her abdomen and other parts of her body. That subsequent to these x-ray treatments, the appellee continued to treat the appellant but fraudulently failed to advise her that the symptoms from which she was suffering were occasioned by x-ray burns resulting from appellee's carelessness and negligence.
To the complaint, the appellee filed answer which, among other defenses, raised the affirmative defense that the appellant's claim was barred by the statute of limitations, specifically alleging in said defense that the appellant had not been treated or examined by the appellee since November 30, 1951. Interrogatories were propounded by each party to the other, and request for admissions was made upon the appellant by the appellee, all of which showed that as a result of a series of x-ray treatments in 1951, the appellant experienced some skin burns in and about her abdomen and that shortly thereafter there appeared a blushing or erythema reaction. The appellant admits that she experienced a skin condition in the general area in which she received the x-ray treatments and that she discussed this condition with the appellee, who advised her that it was the result of the x-ray treatments and that he did not know why her skin had burned. In 1955, appellant learned through diagnosis of other doctors the extent of her injuries occasioned by the x-ray burns in 1951. By the entry of the summary judgment, the lower court concluded that the statute of limitations barred recovery by the appellant. F.S.A. § 95.11(5).
The gist of the appellant's action is the alleged fraudulent concealment by the appellee of his negligent treatment of appellant in 1951 which resulted in x-ray burns. Admittedly, without such allegations or evidence to support the same, the appellant would have been barred from recovery by the statute of limitations. She therefore seeks to avoid the effects of the statute by pleading facts which would toll the running of the statute.
The general rule is to the effect that when there has been notice of the invasion of a legal right or a person has been put on notice of his right to a cause of action, the statute of limitations begins to run. However, in a tort action based upon malpractice, the application of the general rule becomes difficult where the injured person is prevented from knowing of his injury due to the concealment of the fact of his injury by the treating physician. In such cases, there is a well-recognized exception which tolls the running of the statute when it can be shown that fraud has been perpetrated upon the injured party sufficient to place him in ignorance of his right to a cause of action, or to prevent him from discovering such injury. We therefore come to the point of considering the sufficiency of the pleadings, interrogatories and admissions of the parties to support the appellant's claim of fraudulent concealment of her injury, and the negligent act of the appellee.
From an examination of the pleadings, interrogatories and appellant's admissions, it conclusively appears that she was aware of her injury in 1951 shortly after the treatments administered by the appellee. Her admissions and responses to the appellee's requests affirmatively established the knowledge on her part of her injury. It is true that the appellant has complained of the appellee's fraudulent concealment of his negligent act that caused the injury and the true extent of such injury, but *72 nowhere have we been able to find that she was without knowledge of her injury at the time, or shortly thereafter, of the administration of the x-ray treatments. On the contrary, her admissions establish her knowledge.
The Supreme Court of Florida, in the case of Cristiani v. City of Sarasota, Fla. 1953, 65 So.2d 878, held that the running of the statute of limitations would not be postponed even though the injury did not materialize nor was it discovered until a later time. In that case, a city employee backed a city truck against the tricycle of a minor child, causing the child to be thrown to the ground where he sustained violent blows on his head and body. This resulted in blindness of the right eye which was not discovered until about eighteen months thereafter. It was held there that the suit was barred by the statute of limitations because there was notice of the act at the time of the accident and of a right of a cause of action so that the statute began to run even though notice of its consequence did not materialize until later. The appellant in the case at bar has relied to a great extent on the holding of the Supreme Court of Florida in City of Miami v. Brooks, Fla. 1954, 70 So.2d 306, 308. That case involved injuries sustained as a result of an overdose of x-ray therapy treatments administered to the plaintiff in a hospital operated by the City of Miami. The x-ray treatments were administered in April, 1944, for the removal of certain warts from the plaintiff's left heel. In 1949, the plaintiff was advised and first became aware that the x-ray therapy treatments received in 1944 were the cause of certain sores which began to develop on her heel. The defense of the statute of limitations was raised by the City of Miami. In that case the court concluded that the statute of limitations did not bar recovery for the reason that the result developed and first became known in 1949; that at the time of the application of the x-ray treatments there was nothing to put the plaintiff on notice of any probable or even possible injury. The Supreme Court said:
"The general rule, of course, is that where an injury, although slight, is sustained in consequence of the wrongful act of another, and the law affords a remedy therefor, the statute of limitations attaches at once. It is not material that all the damages resulting from the act shall have been sustained at that time and the running of the statute is not postponed by the fact that the actual or substantial damages do not occur until a later date. 34 Am. Jur. 126, Sec. 160, Limitations of Actions."
No reversible error having been made to appear by reason of the lower court's entry of the summary judgment, the same should be, and it is hereby affirmed.
Affirmed.
CARROLL, CHAS., C.J., and PEARSON, J., concur.