.'SHANNON, Judge.
The appellant-plaintiff filed a suit seeking to recover damages against the defendants as former City Commissioners of the City of Fort Meade. The complaint alleges that the defendants, as City Commissioners, entered into a contract with Polk Construction Company to do certain construction work for the city and as such 'Commissioners, failed to require Polk Construction Company to supply a bond as required by Chapter 255.05, Florida Statutes Annotated. The complaint also alleges that plaintiff had furnished certain asphalt materials and payment was never made by Polk Construction Company.
The defendants filed an answer which admitted all the material allegations in the •complaint and contained an affirmative defense of the statute of limitations, alleging that the cause of action, if any, is created by statute and was barred under the three year provision for Chapter 95.11(5) (a), Florida Statutes Annotated.
Both plaintiff and defendants filed motion for summary final judgment and it is to review the final judgment for the defendants that this appeal was taken.
There is only one question to be decided and this is the question of whether or not the three year statute of limitations applies or whether it is governed by the four year statute. Chapter 255.05, F.S.A., provides as follows:
“255.05 Bond of contractor constructing public buildings; suit by ma-terialmen, etc. Any person entering into a formal contract with the State of Florida, any county of said state, or .any city in said state, or any political subdivision thereof, or other public authority, for the construction of any public building, or the prosecution and ■completion of any public work or for repairs upon any public building, or public work, shall be required, before commencing such work, to execute the Usual penal bond, with good and sufficient sureties, with the additional obligations that such contractor shall promptly make payments to all persons supplying him labor, material and supplies, used directly or indirectly by the said contractor, or subcontractors, in the prosecution of the work provided for in said contract; and any person, making application therefor, and furnishing affidavit to the treasurer of the State of Florida, or any city, county, political subdivision, or other public authority, having charge of said work, that labor, material or supplies for the prosecution of such work has been supplied by him, and payment for which has not been made, shall be furnished with certified copy of said contract and bond, upon which, said person, supplying such labor, material or supplies shall have a right of action, and may bring suit in the name of the State of Florida, or the city, county, or political subdivision, prosecuting said work, for his use and benefit, against said contractor, and sureties, and to prosecute the same to final judgment and execution; provided, that such action, and its prosecution, shall not involve the State of Florida, any county, city or other political subdivisions, in any expense.”
Chapter 95.11 reads as follows:
“95.11 Limitations upon actions other than real actions. Actions other than those for the recovery of real property can only be commenced as follows:
******
“(4) Within four years. — Any action for relief not specifically provided for in this chapter.
“(5) Within three years. — (a) An action upon a liability created by statute, other than a penalty of forfeiture.”
*636 The plaintiff has filed four assignments of error, but in view of the fact that this court is only concerned with the first one, its decision will render it unnecessary to pass upon the other points of law. Thus, we can state the plaintiff’s first point as follows :
“The Circuit Court erred in adjudicating plaintiff’s cause of action to he governed by and barred by Chapter 95.11(5) (a), the three year statute of limitations.”
It is the argument of the plaintiff that the legal liability in this case is not of statutory origin and hence it argues that it should not be governed by the three year statute of limitations. It maintains that the defendants violated a long recognized duty of individuals constituting a public body protecting not only the interests of the body corporate and its citizens, but also the rights of those persons lawfully dealing with the city and furnishing goods, wares and services for its benefit.
While we have no direct authority in Florida on this question, yet in the case of Warren for Use and Benefit of Hughes Supply Co. v. Glens Falls Indemnity Co., Fla.1953, 66 So.2d 54, 57, our Supreme Court had before it the question of the right to sue the individual members of the Board of Public Instruction and in that case the defendants urged that the Board of Public Instruction did not have the ministerial duty to require the bond but the Court said:
“We wholly disagree with this argument. The provision in the statutes that the bond shall be required before commencing work is patently and clearly the same as saying that the school board shall see to it that the contractor does not begin work until the bond is executed, posted and duly approved. * * * The purpose is quite obviously to protect those who incorporate their labor or material in the structure. * * *”
Chapter 255.05 is, in the language of our Court, to protect those who incorporate their labor or material in the structure. It is also quite obvious that without this statute there would have been no duty on the part of the defendants and absent a duty, there is no violation and therefore no cause of action.
Since we have no Florida decisions on the point, we will determine whether the question is answered in any of the other jurisdictions. The principle is clearly enunciated in Koenig v. Patrick Construction Corporation, 1948, 298 N.Y. 313, 83 N.E.2d 133, 134, in which the Court of Appeals of New York, in passing on a case of the defendant’s failure to comply with a section of the New York Labor Law, § 240, said:
“Firmly established is the principle of law that a plaintiff’s carelessness is no bar to his recovery under a statute which imposes liability ‘regardless of negligence’. * * * Obviously, not every statute which commands or prohibits particular conduct is within this principle. Only when the statute is designed to protect a definite class of persons from a hazard of definable orbit, which they themselves are incapable of avoiding, is it deemed to create a statutory cause of action and to impose a liability unrelated to questions of negligence. This rule is based upon the view that, not being dependent upon proof of specific acts of negligence on defendant’s part, the cause of action may not be defeated by proof of plaintiff’s want of care. Thus, it has been said, ‘If the defendant’s negligence consists in the violation of a statute enacted to protect a class of persons from their inability to exercise self-protective care, a member of such class is not barred by his contributory negligence from recovery for bodily harm caused by the violation of such statute.’ ”
In the case of Schmidt v. Merchants Despatch Transp. Co., 1936, 270 N.Y. 287, *637 200 N.E. 824, 829, 104 A.L.R. 450, the Court of Appeals of New York stated:
“The duty imposed by statute is absolute, and proof of disregard of a duty created by statute for the protection of a special class establishes, it has been said, negligence as a matter of law. The usual standard of care is superseded by the standard enacted by the Legislature. Ordinarily it is not a matter of consequence whether in such case the liability arising from breach of a statutory duty be regarded as a liability created by statute or a liability for negligence for which the statute creates a new standard or norm. Nevertheless the existence of such a distinction has been pointed out by this court: ‘in a suit upon a cause of action thus given by statute, it is not necessary for the plaintiff to prove negligence on the part of the defendant, because the failure to observe the statute creates a liability per se, or, as is otherwise and with less accuracy sometimes said, is conclusive evidence of negligence.’ ”
Another case in which the Court lays down the principle, by analogy, is the case of Taylor v. Betts, 1942, 59 Ariz. 172, 124 P.2d 764, 767, in which the Supreme Court of Arizona says:
“We think it is obvious that the liability of the defendants, if any, was based upon the statute. The duty imposed upon them was purely a creature of the statute and not of the common law. In the absence of statute there could not possibly have been any liability for the acts complained of by plaintiff. It is true that plaintiff alleged that the particular acts on which she bases her claim for relief were done willfully, fraudulently and negligently, but the duty to perform these acts at all and the responsibility of defendants, in case the acts were done in the manner set forth in the complaint, arise out of the statute and that only.”
The appellant cites us to the case of Mugge v. Tampa Water Works Company, 52 Fla. 371, 42 So. 81, 6 L.R.A.,N.S., 1171, but that case, unlike the present case, is determinative of whether a contract between a corporation and the City of Tampa creates a special right for the benefit of the citizens of Tampa, the violation of which gives a right to sue in tort. It can easily be seen by reading the entire opinion in that case, it is not determinative of the question we have here.
We hold that the plaintiff’s cause of action is based upon the non-compliance with Chapter 255.05, Florida Statutes Annotated and that it comes within 95.11(5) (a), which provides that any action upon a liability created by statute, other than a penalty of forfeiture, shall be brought within three years.
Affirmed.
KANNER, C. J., and ALLEN, J., concur.