HORTON, Judge.
The State of Florida was the plaintiff and now prosecutes this appeal for the use and benefit of Westinghouse Electric Corporation, which was a materialman under a public works contract. The appellee Clutter Construction Corporation was the general contractor. The Ohio Casualty Insurance Company was the surety on the performance bond required by § 255.05, Fla.Stat., F.S.A.[1]
*22 The original action was instituted pursuant to Chapter 255.05 to recover the value of materials allegedly used in the prosecution of the work provided for in the general construction contract.
During the course of the trial, certain rulings were made adverse to the plaintiff, whereupon the plaintiff moved for and was granted a voluntary non-suit. This appeal is prosecuted from the final judgment in non-suit pursuant to the provisions of § 59.05. Fla.Stat., F.S.A.
The record reveals that the plaintiff offered evidence in the form of testimony and signed delivery tickets for the purpose of showing that the materials, consisting of electrical supplies ordered by an electrical subcontractor, had been delivered to the site of the public works project. It was further established that the sum of $7,875.63 was past due and unpaid for said materials.
In addition, the plaintiff offered evidence to establish that the material so delivered was material that might properly be used in the subject contracts. A witness for plaintiff also testified as to certain of the materials which he personally observed were incorporated in the improvement; however, much of the material furnished is wiring and materials that were not visible upon inspection. At the conclusion of this evidence, the trial court announced that he was “very much concerned about the question of the proof that materials were furnished to the job and that therefore that is as far as you had to go.” He then expressed the intent to charge the jury that recovery is limited to those things which the materialman-plaintiff has proved, by a preponderance of evidence, were used in the construction.
The appellant has argued four points upon which it relies for reversal; however, we conclude that the pivotal point is whether a materialman, suing under the provisions of § 255.05, supra, for the unpaid price of materials furnished, is required to prove that such materials were actually used in the prosecution of the work provided for in the construction contract.
As was observed in Collins for Use and Benefit of Dixie Plywood Co. of Tampa v. National Fire Insurance Co. of Hartford, Fla.App.1958, 105 So.2d 190, 193:
“The purpose of the provision contained in § 255.05, that a contractor shall promptly make pajnnents for labor, material, and supplies, is to protect laborers and materialmen whose labor and material are put into public buildings or projects on which they can acquire no lien.”
See Woodals, Inc. v. Varn, Fla.App.1958, 106 So.2d 634. Further, in Phoenix Indemnity Co. v. Board of Public Inst., Fla. App.1959, 114 So.2d 478, 480, it was said:
“And, as held in Fulghum v. State, 92 Fla. 662, 109 So. 644, it was also the broad legislative intent to afford to those supplying labor and materials on public works projects a means of protection in lieu of the lien afforded to them on private work as provided by other statutes.”
*23 In 43 Am.Jur., Public Works and Contracts, § 153, that authority observes:
“In some cases liability is denied on the ground that the materials were not actually used in the prosecution of the construction, but others hold that this does not defeat liability if the materials were furnished in good faith.”
Our statute limits recovery to “material[s] and supplies, used directly or indirectly by the said contractor, or subcontractors, in the prosecution of the work provided for in said contract.”
In Kidd v. City of Jacksonville, 97 Fla. 297, 120 So. 556, the Supreme Court of Florida interpreted the statute in an analogous factual situation and concluded that the burden is upon the materialman to prove that the material supplied not only conformed to the specifications required for such materials, but that the materials formed an integral part of work and were necessarily involved therein. See Kidd v. City of Jacksonville, 106 Fla. 312, 143 So. 307; 13 McQuillin, Municipal Corporations (3d. Ed.) § 37.203. However, in an action on a contractor’s bond the general rules of evidence apply, and presumptively, the delivery of material at the place of use establishes prima facie the fact of their use and places the burden of proving otherwise upon the defendants. Republic Nat. Bank & Trust Co. v. Massachusetts Bonding & Insurance Co., 5 Cir., 68 F.2d 445; City of Springfield for Use and Benefit of Horton v. Koch, 228 Mo.App. 511, 72 S.W.2d 191, 194. See also rule of presumptive use in mechanic’s lien cases collected at 39 A.L.R.2d 427. In the Koch case, the court said:
“The burden of proving any mate-' rials furnished were not used in the construction of work devolves upon the defendants, for the reason that their means of information and opportunity to know that they were not so used are greater than those of the plaintiff. The materialman is not required to stand by and watch the progress of the work to see that every piece of material supplied by him is used.”
Although the precise question here arising under § 255.05, supra, does not appear to have been decided by an appellate court of Florida, we nevertheless conclude that the better rule is as stated in Horton v. Koch, supra. Where, as here, a mate-rialman would have, but for the statute (§ 255.05) been protected by the provisions of the mechanic’s lien law, he should not by reason of such circumstances be placed in a position inferior to that which he would have occupied under the mechanic’s lien law. Section 84.01, Fla.Stat., F.S.A., inter alia provides:
“ ‘Furnish materials’ means supply materials which are incorporated in the improvement * * *. The delivery of materials to the site of the improvement shall he prima facie evidence of incorporation of such materials in the improvement.” (Emphasis supplied.)
See also Lehigh Structural Steel Company v. Joseph Langner, Inc., Fla.1949, 43 So.2d 335. The effect of § 255.05, supra, as the decisions so aptly hold is “to afford to those supplying labor and materials on public works projects a means of protection in lieu of the lien afforded them on private work as provided by other statutes.” The legislature having by statute (§ 255.05) eliminated the laborer’s and materialman’s security for payment of their work and/or materials and transferred such security to a bond, it would not, in our opinion, follow that the legislature, absent express sanction, intended that such rights should be further restricted by a requirement that only direct and positive proof of the incorporation of labor and/or materials in a public building would support a right of recovery. When the materialman furnishes legally admissible proof of the delivery of materials to the site of the improvement pursuant to a contract therefor, then proof *24 of such delivery would constitute prima facie evidence of the incorporation of such materials in the improvement. Such prima facie showing would, of course, be subject to rebuttal and would not, destroy or alleviate the burden of the materialman or laborer to support his recovery by the preponderance of the evidence.
In light of the views expressed, it was error for the trial court to deny the appellant the benefit of a prima facie showing made by proof of the delivery of the materials to the site of the improvement.
Accordingly, the judgment in non-suit is reversed, and the cause is remanded for a new trial not inconsistent with this opinion.
Reversed and remanded.

. The pertinent part of § 255.05, Fla.Stat., F.S.A., provides: “Any person entering into a formal contract with * * * [any] public authority, for the construction of any public building * * * shall be required, before commencing such work, to execute the usual penal bond, with good and sufficient sureties, with the additional obligations that such contractor shall promptly malee payments to all persons supplying him labor, material and supplies, used directly or indirectly by the said contractor, or. subcontractors, in the prosecution of the loorle provided for in said contract; and any person, making applica *22 tion therefor, and furnishing affidavit to' the * * * public authority, having charge of said work, that labor, material or supplies for the prosecution of such work has been supplied by him, and payment for which has not been made, shall be furnished with certified copy of said contract and bond, upon which, said person, supplying such labor, material or supplies shall have a right of action, and may bring suit in the name of the State of Florida, or the city, county, or political subdivision, prosecuting said work, for his use and benefit, against said contractor, and sureties, and to prosecute the same to final judgment and execution; provided, that such action, and its prosecution, shall not involve the State of Florida, any county, city or other political subdivisions, in any expense.” (Emphasis supplied.)