**Calvin C. CAMPBELL, Plaintiff-Appellant,**

v.

**Honorable J. E. WEATHERFORD, County Judge, Nassau County, Florida, Defendant-Appellee.**

No. 27814

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

May 20, 1970.

Rehearing Denied July 7, 1970.

Calvin C. Campbell, pro se.

Earl Faircloth, Atty. Gen., State of Florida, Tallahassee, Fla., for appellee.

Before JOHN R. BROWN, Chief Judge, and THORNBERRY and CLARK, Circuit Judges.

PER CURIAM:

This is an appeal from the district court's dismissal, without a hear-

ing, of a civil rights action.[1]  We affirm.[2]

Appellant is presently incarcerated at the Florida State Prison, Raiford, Florida under sentence of death for the crime of murder.  He now seeks to have his 1961 conviction on five counts of issuing worthless checks declared invalid and the amount paid in fines returned. Appellant pleaded guilty to the five charges and was sentenced to pay a $100.00 fine or serve 60 days in jail on each count.  Appellant's aunt paid the fines plus $88.22 in costs.  Appellant did not appeal the conviction.

 Appellant alleges that he was sentenced without the benefit of counsel and was denied a trial by jury.  We need not discuss the merits of these contentions since it is clear that the district court correctly held that the action was barred by the applicable state statute of limitations.[3]  Section 95.11, Florida Statutes (1967), F.S.A. provides:

> Actions other than those for the recovery of real property can only be commenced as follows:
>
> \*   \*   \*   \*   \*   \*
>
> (4) Within Four Years.—Any action for relief not specifically provided for in this chapter.
> (5) Within Three Years.—
> (a) An action upon a liability created by statute, other than a penalty or forfeiture.

The district court, in dismissing the complaint, cited § 95.11(4).  It would appear, however, that the breadth of construction given § 95.11(5) (a) in the past, by this Court and the Florida courts, would make it applicable to the

present case.[4]  Our concern in the present case, however, is clearly academic since the action is time barred under either section of the statute.

The appellant does not allege, nor does it otherwise appear that the present death sentence was based upon the proceedings he now attacks, by way of enhancement of sentence or otherwise. There is therefore no basis, factual or legal, to consider the present complaint as a petition for habeas corpus or other collateral relief.  *See* Cline v. United States, 5th Cir. 1969, 412 F.2d 323, *cf.* Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967).

The judgment of the district court is affirmed.

---

1.  42 U.S.C. § 1983.

2.  Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the Clerk to place the case on the Summary Calendar and to notify the parties in writing.  *See* Murphy v. Houma Well Service, 5th Cir. 1969, 409 F.2d 804, Part I;  and Huth v. Southern Pacific Company, 5th Cir. 1969, 417 F.2d 526, Part I.

3.  *See* Beard v. Stephens, 5th Cir. 1967, 372 F.2d 685;  McGuire v. Baker, 5th Cir. 1970, 421 F.2d 895.

4.  *See* Crummer Co. v. DuPont, 5th Cir. 1955, 223 F.2d 238, cert. denied, 350 U.S. 848, 76 S.Ct. 85, 100 L.Ed. 755; Woodalls, Inc. v. Varn, 106 So.2d 634 (Ct.App.Fla.1959).