**Rosa Lee Vickers POWELL, Plaintiff-Appellant,**

v.

**Laurent V. RADKINS, Jr., M. D., et al., Defendants-Appellees.**

No. 74–1042.

United States Court of Appeals, Fifth Circuit.

Jan. 20, 1975.

Rehearing and Rehearing En Banc Denied Feb. 21, 1975.

Michael R. N. McDonnell, M. W. Schryver, Naples, Fla., for plaintiff-appellant.

Robert L. Shevin, Atty. Gen., Baya Harrison, III, Richard C. Booth, Asst. Attys. Gen., Tampa, Fla., for Wm. B. Barrow, M.D.

James A. Franklin, Jr., Fort Meyers, Fla., for Radkins, Blank, Lee Mem. Hosp.

G. Hunter Gibbons, Sarasota, Fla., for Scott, U. S. Fid.

James G. Mahorner, Gen. Counsel, State of Fla., Dept. of Health & Rehabilitation Services, Tallahassee, Fla., for Robt. L. Eaton.

Before THORNBERRY, GOLDBERG and GODBOLD, Circuit Judges.

GODBOLD, Circuit Judge.

This case was brought under 42 U.S.C. § 1983 and Florida state law by a female who was sterilized while a ward of the Florida State Department of Health & Rehabilitation Service, Division of Mental Retardation. The jury found all issues in favor of defendants.[1]

Plaintiff, when age 17 and unmarried, was on furlough from a facility of the Division of Mental Retardation. She became pregnant and returned to the facility for diagnosis and treatment. At the time of delivery of the baby, and at the request of an official or officials of the Division, she was sterilized by irreversible procedures. The operation left a three-inch scar on her abdomen below the navel.

There are numerous troubling issues in this case, but disposition is controlled by the jury's answer to a special interrogatory to the effect that plaintiff knew or in the exercise of due diligence should have known in October 1967 that a sterilization operation had been performed upon her. This date was more than four years preceding the filing of the action, which was longer than the limitation periods under Florida law—four years for several counts, three for another— which is the governing law in this instance. Nevels v. Wilson, 423 F.2d 691 (CA5, 1970); Campbell v. Weatherford, 427 F.2d 131 (CA5, 1970); Knowles v. Carson, 419 F.2d 369 (CA5, 1969); Fla. Stat.Ann. § 95.11.

The statutory period commenced when plaintiff was "first put upon notice or had reason to believe that her right of action had accrued." City of Miami v. Brooks, 70 So.2d 306, 309 (Fla.1954). There is no contention that plaintiff lacked the capacity to understand the nature of the surgery. If such a contention were made, the issue would be for the jury. The jury was properly instructed on notice and knowledge in terms of a reasonably careful person of the same age, mental capacity, intelligence, training and experience.[2]

---

1. Defendants were the medical director of the Center in which plaintiff resided, the doctor who performed the sterilization operation, the doctor who assisted in the operation and concurred in the decision to sterilize plaintiff, another doctor who concurred in the decision to sterilize plaintiff, the hospital in which plaintiff was treated, and an insurance company.

2. The charge was:

"With regard to Plaintiff's knowledge, you are instructed that the means of knowledge are ordinarily the equivalent in law to knowledge. So if it appears from a preponderance of the evidence in the case that the Plaintiff had information which would lead a reasonably careful person of the same age, mental capacity, intelligence, training, and experience to make inquiry through which he would surely learn certain facts, then that person may be found to have had actual knowledge of those facts the same as if he had made such inquiry and had actually learned such facts. That is to say, the law will charge a person

■ Appellant claims that the court erred in refusing this requested instruction:

> You are further instructed that if the preponderance of the evidence shows that the Defendants or others kept information from the Plaintiff which would have put her on notice of her injury, then the statute [of limitations] is not effective until such information is disclosed to the Plaintiff.

The Florida cases indicate that the statute is tolled in cases of fraudulent concealment by the defendant until the plaintiff knows or has reason to know of the existence of the cause of action.[3] Proctor v. Schomberg, 63 So.2d 68 (Fla. 1953); Hart v. Hart, 234 So.2d 393 (Fla. Dist.Ct.App.1970); Metcalf v. Johnson, 113 So.2d 864 (Fla.Dist.Ct.App.1959); 51 Am.Jr.2d § 147. Since the jury found that plaintiff had reason to know of the cause of action, any attempt at fraudulent concealment by a defendant would not toll the statute.[4] We conclude that plaintiff's requested instruction was properly refused.[5]

■ The trial court did not err in denying plaintiff's motion for summary judgment. There were a variety of contested material issues of fact. Assuming arguendo that plaintiff is correct in her contention that with respect to some issues there were no material disputed issues of fact, it was not mandatory that the court grant partial summary judgment on all such issues. This is a complex case, with numerous defendants and intricately intertwined theories of liability. Some defendants were direct participants in plaintiff's sterilization and the decision that it be performed. Others were only tangentially connected. A court, in its discretion in shaping the case for trial, may deny summary judgment as to portions of the case that are ripe therefor, for the purpose of achieving a more orderly or expeditious handling of the entire litigation. 6 J. Moore, Federal Practice ¶ 56.15[6], at 2427. Rule 56(d), covering the situation in which the case cannot be fully adjudicated on the motion is qualified by the language "if practicable."

We need not consider the jury's answers in favor of defendants on numerous other issues because the issue of delay in filing suit brings the case to an end.

Affirmed.

---

with notice and knowledge of whatever he would have learned upon making such inquiry as it would have been reasonable to expect that person to make under the circumstances."

3. We find no federal policy that would support the adoption of a different federal rule concerning tolling in the circumstances of the present case. Therefore, the Florida tolling principle is applicable. *See* Mizell v. North Broward Hospital District, 427 F.2d 468 (CA5, 1970). *Compare* Blair v. Page Aircraft Maintenance, Inc., 467 F.2d 815 (CA5, 1972).

4. Cases cited by appellant do not support her position. Buck v. Mouradian, 100 So.2d 70 (Fla.Dist.Ct.App.1958), stated that the statute would be tolled when the defendant prevents the plaintiff from discovering the injury inflicted by defendant. Where the plaintiff has sufficient facts to give her reason to discover the injury, as in the present case, the "prevention" rationale is no longer applicable. Thus *Buck* would not support tolling in this case. City of Miami v. Brooks, 70 So.2d 306 (Fla.1954), simply stated the general rule that the statute begins to run when the plaintiff has been put on notice of his right to a cause of action. This in no way supports the tolling principle sought by plaintiff.

5. We find it unnecessary to determine whether the requested instruction was properly refused because of the inclusion of the words "or others." Fraud perpetrated by third parties does not toll the statute. *See* Proctor v. Schomberg, 63 So.2d 68 (Fla.1953); 51 Am. Jur.2d § 150. *See also* Cato v. South Atlantic & Gulf Coast District of Int'l Longshoremen's Ass'n, 364 F.Supp. 489 (S.D.Tex.), aff'd 485 F.2d 583 (CA5, 1973).