**TOYOSHIMA CORPORATION OF CALIFORNIA, as successor to Toyoshima New York, Inc., Plaintiff,**

v.

**GENERAL FOOTWEAR, INC., U.S. Sports, Inc., Ben Wunsch, and Ben Wunsch d/b/a Bee & Bee Realty, Defendants.**

No. 79 Civ. 5996.

United States District Court, S. D. New York.

Oct. 10, 1980.

**560**

Robson & Miller, New York City, for plaintiff; Morton S. Robson and Michael J. Venditto, New York City, of counsel.

Layton & Sherman, New York City, for defendants; Daniel J. Brooks and Robert Layton, New York City, of counsel.

ROBERT J. WARD, District Judge.

Plaintiff moves pursuant to Rule 15(a), Fed.R.Civ.P., for leave to amend its complaint and pursuant to Rule 56, Fed.R. Civ.P., for partial summary judgment. Inasmuch as defendants do not oppose the application for leave to amend, this branch of plaintiff's motion is granted. For the reasons hereinafter stated, the branch of plaintiff's motion seeking partial summary judgment is denied.

■ Summary judgment should generally be granted when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). See Securities Exchange Commission v. Research Automation Corp., 585 F.2d 31, 33 (2d Cir. 1978); Jaroslawicz v. Seedman, 528 F.2d 727, 731 (2d Cir. 1975); Heyman v. Commerce and Industry Insurance Co., 524 F.2d 1317, 1319–20 (2d Cir. 1975). In evaluating such a motion the Court cannot try issues of fact; it can only determine whether there are issues to be tried after resolving all ambiguities and drawing all reasonable inferences in favor of the non-movant.

Id. Moreover, the burden is on the moving party to establish that no relevant facts are in dispute. Id.

■ Even where the summary judgment criteria appear to be satisfied, however, "the Court may deny summary judgment as a matter of discretion." Fine v. City of New York, 71 F.R.D. 374, 375 (S.D. N.Y.1976). See also 6 J. Moore, Federal Practice ¶ 56.15[6], at 56–613 (1980). "A court, in its discretion in shaping the case for trial, may deny summary judgment as to portions of the case that are ripe therefor, for the purpose of achieving a more orderly or expeditious handling of the entire litigation." Powell v. Radkins, 506 F.2d 763, 765 (5th Cir.), cert. denied, 423 U.S. 873, 96 S.Ct. 140, 46 L.Ed.2d 104 (1975). This discretion may be exercised where a part of the matter which is ripe for summary judgment is intertwined with additional claims that must be decided at trial. Taylor v. Rederi A/A Volo, 374 F.2d 545, 549 (3d Cir. 1967). Moreover, partial summary judgment is properly withheld where, on the basis of the cold record, a considerable expenditure of judicial time and effort will be required "to sift out and piece together the undisputed facts essential to a summary judgment." Perma Research & Development Co. v. Singer Co., 308 F.Supp. 743, 750 (S.D.N.Y.1970).

The complaint in this action alleges thirteen causes of action against four defendants. In its motion for summary judgment plaintiff seeks a ruling on seven of these thirteen claims as well as the dismissal of twenty-nine affirmative defenses and three counterclaims. In a fifteen-page, ninety-paragraph statement filed pursuant to Rule 9(g) of the General Rules of the Southern District of New York, plaintiff presents substantial material facts which it contends are not in dispute. In response, however, defendants contend that there are genuine issues of fact with respect to thirty-eight of the paragraphs of plaintiff's 9(g) statement.

■ This action arises out of a commercial dispute of substantial financial significance. The central claims appear to be

based on an account stated and allegedly due plaintiff by defendant General Footwear in an amount in excess of $2.5 million. Plaintiff here requests the Court to determine defendants' liability for such a substantial sum on the basis of affidavit and deposition testimony. This the Court declines to do.

Discovery in this matter was to be completed on September 15, 1980. A pre-trial order can be submitted shortly after the Court's determination of this motion for summary judgment. A favorable ruling for plaintiff on this motion will not relieve the parties from appearing at and participating in the trial. Since discovery has been completed, no prejudice should result from delay, as trial can commence at an early date. Moreover, should the Court find at trial that facts with respect to certain issues are not in dispute it can grant a motion either for a directed verdict or for judgment notwithstanding the verdict.

Accordingly, plaintiff's motion for summary judgment is denied. Plaintiff's application for leave to serve and file an amended complaint, including claims relating to notes which became due subsequent to the making of the motion, is granted. The parties are directed to file a pre-trial order by October 23, 1980.

It is so ordered.