**YOUNGDALE & SONS CONSTRUCTION CO., INC., etc., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 553–88C.**

United States Claims Court.

Feb. 8, 1991.

Larry E. Robinson, Los Angeles, Cal., Atty. of Record, for plaintiff.

James M. Kinsella, Washington, D.C., with whom was Asst. Atty. Gen. Stuart M. Gerson, for defendant.

## OPINION

REGINALD W. GIBSON, Judge:

Plaintiff filed a Motion for [Partial] Summary Judgment on February 5, 1991, with respect to which the defendant has not yet responded.[1] Previously, plaintiff filed a motion for partial summary judgment on identical grounds, during pretrial proceedings, which it voluntarily withdrew on July 20, 1990. On September 5, 1990, the court scheduled a trial on the merits for October 23, 1991, in Los Angeles, California. On February 5, 1991, more than four months after setting the trial date, plaintiff refiled essentially the same motion for partial summary judgment that it voluntarily withdrew on July 20, 1990. The fundamental basis for both motions is that at final payment on the contract, the government wrongfully assessed $46,750 in liquidated damages against plaintiff, notwithstanding the fact that, allegedly, "the final pay estimate ... shows the work as 100% complete." Given this contention, plaintiff argues that—"the government wrongfully assessed liquidated damages in the amount of $46,750." However, defendant has expressed its preliminary opinion that there are genuine issues of material fact that it could raise, and, therefore, that it will oppose plaintiff's motion for partial summary judgment.

It is evident that the threshold issue— whether the assessment was wrongful—is a question of law. However, before we can reach that ultimate legal conclusion, there needs to be established what was and was not done regarding and bearing on the assessment of liquidated damages. These collateral questions, of course, raise issues of fact. Thus, it appears that the dispositive issue is a mixed question of fact and law. Certainly then, unless the defendant stipulates to all of such operative facts, no doubt there will be genuine issues of material fact for the court on the motion. Consequently, it seems quite clear that *if* the court required the defendant to respond to plaintiff's partial motion for summary judgment, undoubtedly said response would posture a sufficient basis, *supra,* for the court to deny plaintiff's motion. Nevertheless, this court is not going to deny plaintiff's motion on that ground because at least two other reasons justify the denial of said motion.

■ The first basis lies in the fact that plaintiff voluntarily withdrew the same motion for partial summary judgment on July 20, 1990, after effectively admitting that one proceeding would best facilitate the most expeditious resolution of this case, not two, as would be required if this court were to act on its new, but identical, motion for partial summary judgment.[2] In this context, plaintiff conceded that at least some complicated issues of fact and law would remain for trial, that there would be at least some overlap between those issues and those asserted in its present motion for partial summary judgment, and ultimately, that it would *not* be prejudiced in any way if all of these issues were resolved in a single proceeding. *See* Status Conference, Tr. pp. 2–5. Through these statements, therefore, we find that plaintiff effectively waived its right on or about July 20, 1990, to refile a *substantially identical* motion at a later stage. Of course, in this connection, "[i]t is a well established rule of law that 'waivers of rights must be voluntary, knowing and intelligent acts done with suf-

---

1. Subject motion was submitted to the Clerk of the Claims Court who noted several defects. Notwithstanding the same, the court permitted filing by its leave.

2. Summary judgment is, of course, appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. RUSCC 56(c). The rules governing its use are designed to secure a just, speedy, and inexpensive determination of each and every action. *Celotex Corp. v. Catrett,* 477 U.S. 317, 327, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). Conversely then, if the use of summary judgment has the effect of prolonging the litigation, as would happen if we were to consider plaintiff's refiled motion for partial summary judgment, the use of such procedures would result in an injustice to the opposing party and would, therefore, be inappropriate.

ficient awareness of the relevant circumstances and likely consequences.'" *Reliance Insurance Co. v. United States*, 20 Cl.Ct. 715, 723 (1990) (citations omitted). "Waiver requires (1) the existence at the time of the waiver a right, privilege, advantage or benefit that may be waived; (2) the actual or constructive knowledge thereof; and (3) an intention to relinquish such right, privilege, advantage or benefit." *Matter of Garfinkle*, 672 F.2d 1340, 1347 (11th Cir.1982).

The unique facts of this case show that plaintiff has indeed waived its right to refile the same motion for partial summary judgment. Plaintiff asserted its right to file a motion under RUSCC 56, and, pursuant to the aforementioned status conference, conceded, in effect, that the assertion of that right, via a *partial* motion for summary judgment, would hinder the speedy resolution of this matter. Thus, it agreed to voluntarily withdraw its motion, with the understanding that every aspect of its dispute with the defendant, including that raised in its partial motion for summary judgment, would be definitively resolved at trial. We think it is evident that plaintiff surrendered the right to file an identical motion, if indeed it had any right to refile such a motion, following that voluntary withdrawal. Sound discretion leads us to this conclusion precisely because it retained the right to assert those same arguments at a trial on the merits, and, moreover, it would not be prejudicial in any way. Plaintiff did not waive any right to argue its view of the facts or the law on that issue, but it did surrender the right to assert those arguments by way of summary judgment because they could be just as easily subsumed into trial proceedings.[3] We can see no change in circumstances sufficient to warrant a refiling or consideration of that same motion, and thus, we find that plaintiff waived its right to refile a motion identical in substance to the one that it previously voluntarily withdrew.

The second basis for our decision to deny the motion is closely related to the first.

That is, we must exercise our discretion to achieve the quickest, fairest and least expensive disposition of this matter for all concerned, including the parties, this court, and the litigants in other cases on our docket. *Cf. Celotex*, 477 U.S. at 327, 106 S.Ct. at 2555. By denying the subject motion, we accomplish these objectives through the proper allocation of judicial resources, which, in this case at least, means the most effective use of our time. Circumstances sometimes justify a greater exercise of judicial discretion in matters relating to a motion for summary judgment, and this is certainly one of those cases. As we stated in *Oglala Sioux Tribe v. United States*, 21 Cl.Ct. 176, 193–194 (1990):

> "[e]ven where summary judgment criteria appear to be satisfied ... '[a] Court may deny [partial] summary judgment as a matter of [judicial] discretion.'" *Toyoshima Corporation of California v. General Footwear, Inc. U.S.*, 88 F.R.D. 559, 560 (S.D.N.Y.1980) (quotation omitted). That is to say, "[a] court, in its discretion in shaping the case for trial, may deny [partial] summary judgment as to portions of the case that [may be] ripe therefor, for the purpose of achieving a more orderly or expeditious handling of the entire litigation." 6 J. Moore, Federal Practice, ¶ 56.15[6], at 2427; *cited in Confederated Tribes of the Colville Reservation v. United States*, 20 Cl.Ct. 31, 38, n. 14 (1990). *See also Powell v. Radkins*, 506 F.2d 763, 765 (5th Cir.1975). Judicial discretion may be exercised in the denial of a motion for partial summary judgment when the resolution of that issue is inextricably intertwined with additional claims that must be decided at trial. "[P]artial summary judgment is properly withheld where ... a considerable expenditure of judicial time and effort will be required 'to sift out and piece together the undisputed facts essential to a summary judgment.'" *Toyoshima*, 88 F.R.D. at 560 (quotation omitted).

---

**3.** Plaintiff waived only the right to file the *same* summary judgment motion; it did not waive the right to file a substantively *different* motion for full or partial summary judgment.

Unquestionably, this case warrants the application of such judicial discretion because, first, the matter is in the final stages of pretrial proceedings. The facts clearly demonstrate just how late in these proceedings this motion was filed. After the plaintiff voluntarily withdrew its first motion on July 20, 1990, and before its subsequent refiling on February 5, 1991, (i) both parties completed their Appendix G pretrial filings, (ii) a pretrial conference was held, and (iii) a trial date was set for October 23, 1991. In addition, discovery, which was *reopened* for the express purpose of facilitating a trial on the merits, is nearly complete. Thus, with the exception of the need to address one more issue at trial, *i.e.*, the liquidated damages issue, we do not see any likelihood that a summary ruling on the subject motion would result in any noticeable reduction in the burden on either party.

█ Secondly, because the subject motion comes at such a late stage in the proceedings, it would clearly lengthen the proceedings in this case. To accommodate a briefing schedule on the partial motion for summary judgment, 31 days would expire while we wait for the defendant to file its memorandum in opposition, and up to another 17 days for plaintiff to file its reply brief. Thus, against this background, the matter would not be ready for decision until around *March 25, 1991* at the earliest, and that date might conceivably be extended even further if the defendant were to file its own cross-motion for partial summary judgment. Of course, by the time this motion is finally ready for decision, it would be unfair to the litigants in other cases on our docket to accord expedited consideration to the subject motion. Since the court would have several of those cases ripe for decision prior in time to the subject partial motion, we can see no reason why this case should be decided ahead of others

that have had to wait their turn. Therefore, in view of the briefing schedule, and our crowded docket, it is plainly evident that we would not reach the subject motion prior to the already-scheduled trial date of October 23, 1991.

Given the foregoing, it would be most inappropriate to consider the subject partial motion for summary judgment in any other than *summary fashion*. We are compelled to reach this conclusion because we find that the plaintiff waived its right to refile subject motion, but more importantly, it would create an unnecessary burden on the defendant, as well as this court. This is a case where it is 99% certain that trial on the merits will occur before said motion will rise to the top of the list of ready-to-decide dispositive motions and trials. Thus, consideration of the subject motion, on these facts, would contravene the stated and noble objectives of the summary judgment rules by prolonging the litigation, even depriving the plaintiff itself, as well as other litigants in this court, of a speedy resolution, and by increasing the time, if not the costs, for all concerned. Against this background, therefore, we are constrained to conclude that it would clearly be an abuse of discretion to burden defendant to respond to plaintiff's partial motion for summary judgment. Consequently, in view of our paramount desire to achieve an orderly, fair, and expeditious handling of this case, and other cases on our docket, plaintiff's motion for partial summary judgment is hereby DENIED.

IT IS SO ORDERED.