**TUNICA–BILOXI INDIANS OF LOUISIANA d/b/a Paragon Casino Resort**

v.

**Kirby M. PECOT d/b/a Pecot Company and Architects, et al.**

No. CIV.A.02–1512.

United States District Court,
W.D. Louisiana,
Alexandria Division.

July 26, 2004.

Keith J Bergeron, Terrence L Brennan, Deutsch Kerrigan & Stiles, New Orleans, LA, for Atrium Vinyl Products.

George D Ernest, III, David A Hurlburt, Hurlburt Privat & Monrose, Lafayette, LA, for Berg, Inc.

Richard G Duplantier, Jr, Galloway Johnson et al, New Orleans, LA, Stefini W Salles, Robert A Vosbein, Adams & Reese, New Orleans, LA, for CNA Ins. Co.

John B Davis, II, Adams & Reese, Baton Rouge, LA, Robert A Vosbein, Stefini W. Salles, Adams & Reese, New Orleans, LA, for Continental Cas. Co.

Jeffrey N Boudreaux, David K Nelson, Kean Miller et al, Baton Rouge, LA, for Custom Metal and Siding.

Charles Krieg–Patrick Chauvin, Thomas E Loehn, Boggs Loehn & Rodrigue, New Orleans, LA, for Design Tex Group.

John P Doggett, Zebulon Marcus Winstead, Provosty Sadler et al, Alexandria, LA, for Dixie Roofing and Sheet Metal Co., Inc.

Larry Alan Stewart, Andrew P Texada, Stafford Stewart & Potter, Alexandria, LA, for FL Crane & Sons, Inc.

Lottie L Bash, Raymond L Brown, Jr, Gold Weems et al, Alexandria, LA, Edward J Lassus, Jr, Wade D Rankin, David J Schexnaydre, Pajares & Schexnaydre, Covington, LA, for Fulcrum Ins. Co.

Lottie L Bash, Raymond L Brown, Jr, Gold Weems et al, Alexandria, LA, for Gremillion Corrugated, LLC.

Michael P Maraist, Richard Joseph Petre, Jr, Onebane Law Firm, Lafayette, LA, for Gunn Electric Co., Inc.

Thomas W Sanders, Thomas W Sanders, Jr, Office of Thomas W Sanders, Lake Charles, LA, for International Hospitality Suppliers, Inc.

Larry Alan Stewart, Andrew P Texada, Stafford Stewart & Potter, Alexandria, LA, for Liberty Mut. Ins. Co.

Albert D Clary, Long Law Firm, Baton Rouge, LA, Richard T Conrad, III, Armstrong Allen et al, Jackson, MS, William L Melancon, Lafayette, LA, for M&E Consulting, Inc.

Richard G Duplantier, Jr, Michael Lonegrass, Stephen James Moore, Galloway Johnson et al, New Orleans, LA, for McElroy Metal, Inc.

Bonita K Preuett–Armour, Alexandria, LA, for Glen Moreau.

Brian C Bossier, Blue Williams, Metairie, LA, for Roysons Corp.

Albert D Clary, Long Law Firm, Baton Rouge, LA, Richard T Conrad, III, Armstrong Allen et al, Jackson, MS, Matthew Thomas Lofaso, M O'Neal Walsh, Walsh & Bailey, Baton Rouge, LA, for Security Ins. Co. of Hartford.

Angela N Loehr, Gallop Johnson & Neuman, St Louis, MO, Michael D Rubenstein, Liskow & Lewis (New Orleans), New Orleans, LA, Kenneth Todd Wallace, Liskow & Lewis, New Orleans, LA, John T Walsh, Gallop Johnson & Neuman, St Louis, MO, for Sellers & Josephson, Inc.

Michael D Rubenstein, Liskow & Lewis (New Orleans), New Orleans, LA, Kenneth Todd Wallace, Liskow & Lewis, New Orleans, LA, for Sellers and Josefson, Inc.

Scott C Barney, Peter A Feringa, Jr, Chaffe McCall et al, New Orleans, LA, for Senergy, Inc.

Kay Karre' Gautreaux, Law Office of Kay Karre' Gautreaux, Lafayette, LA, Patrick J Hanna, Rabalais Hanna & Hebert, Lafayette, LA, for Tunica–Biloxi Construction Co.

Jason A Bonaventure, Amanda G Clark, Shelly D Dick, Forrester Jordan & Dick, Baton Rouge, LA, for Tunica–Biloxi Indians of Louisiana, Plaintiff.

Jeffrey N Boudreaux, Kean Miller et al, David K Nelson, Kean Miller et al, Baton Rouge, LA, for Dwayne Whatley, Defendant.

## *MEMORANDUM RULING*

LITTLE, District Judge.

Before the court is a [doc. no. 257] motion for partial summary judgment filed by defendants F.L. Crane & Sons, Inc. ("F.L.Crane") and Liberty Mutual Insurance Company ("Liberty"). F.L. Crane and Liberty have filed three supporting memoranda and plaintiff, Tunica–Biloxi Indians of Louisiana d/b/a Paragon Casino Resort ("Tunica–Biloxi Indians" or "the tribe"), has filed two opposing memoranda. For the following reasons, F.L. Crane and Liberty's motion for partial summary judgment is granted.

## FACTUAL AND LEGAL BACKGROUND

This case involves a construction project associated with the Paragon Casino Resort, which is owned and operated by the Tunica–Biloxi Indians. In January 2000, the Tunica–Biloxi Construction Company ("T.B.C.C."), an unincorporated business enterprise closely associated with the Tunica–Biloxi Indians, acted as the general contractor in the construction of a hotel addition to the resort. Defendants in this matter consist of the subcontractors and their insurers. Movant F.L. Crane contracted with T.B.C.C. to perform construction work and supply materials for the hotel project. Construction began on 1 August 2000. F.L. Crane worked on the project from February 2001 until June 2001. The new hotel was partially occupied on 15 June 2001. After completion of the project, plaintiff discovered mold contamination in the hotel on or about 31 August 2001.

When Tunica–Biloxi become a federally recognized tribe in 1981, a 134–acre tract was placed in trust with the federal government.[1] Not part of the 134–acre tract, the land on which the hotel stands ("the hotel land") was purchased by Grand Casinos of Louisiana, L.L.C. from the Dominique family, who were not members of the tribe. On 31 March 2000, Grand Casi-

---

1. These 134 acres constitute a portion of the 60,000 acres deeded to the Indians by Spain through a land grant in the 1700s. The remainder of the 60,000 acres was alienated prior to 1981.

nos of Louisiana, L.L.C. sold the hotel land to the tribe. The United States Department of Interior, Bureau of Indian Affairs granted written approval of trust status of the hotel land on 28 February 2002, after the construction on the hotel was complete.

Plaintiff filed a lawsuit in the Tunica–Biloxi Indian Tribal Court ("tribal court") for damages resulting from the mold contamination. On or about 13 June 2002, plaintiff filed a state court petition, seeking a declaratory judgment that the tribal court has exclusive subject matter jurisdiction and is a court of proper venue or, in the alternative, a judgment of damages. On or about 18 July 2002, defendants removed the state court matter to this court because it involves the federal question of tribal court jurisdiction. 28 U.S.C. § 1331; *Nat. Farmers Union Ins. Co. v. Crow Tribe of Indians,* 471 U.S. 845, 852–53, 105 S.Ct. 2447, 85 L.Ed.2d 818 (1985).

Pursuant to the tribal exhaustion doctrine, this court, on 30 January 2003, stayed the action "pending further tribal court proceedings." The tribal court judge ruled it had subject matter jurisdiction on 24 July 2003, but refused to certify the ruling as appealable to the Tunica–Biloxi Court of Appeal. Defendants applied for extraordinary writs to the Tunica–Biloxi Court of Appeal to review the tribal court's ruling on jurisdiction. The tribal court of appeal entertained oral arguments on 20 October 2003.

While the matter remained under review by the tribal court of appeal, this court lifted its stay as to movants on 7 November 2003. The main reason given by F.L. Crane and Liberty in support of lifting the stay was to avoid duplicate discovery due to Tunica–Biloxi's commencement of discovery in the parallel tribal court matter.

The tribal court of appeal then rendered a four page decision in which it found it "ha[d] jurisdiction to entertain the writ application" and "examine[d] the proceedings in the lower court." Effectively affirming the lower court, the tribal court of appeal employed an abuse of discretion standard and reasoned:

> We have examined the memorandums presented to the court, as well as oral requests by the attorneys for the parties, as well as the entire record submitted in this matter, and we find that the trial court did not abuse its discretion in holding that it has ... jurisdiction over the subject matter at issue.

In his concurrence, Judge Bienvenu indicated "whether the Trial Court's definition [of 'reservation'] will stand the test of appellate review as to correctness, based on facts determined from the evidence admitted at trial on the merits, must wait another day."

In the instant motion, F.L. Crane and Liberty assert there is no genuine issue of material fact concerning whether the tribal court lacks subject matter· jurisdiction. According to movants, tribal court jurisdiction is lacking because the construction did not occur on "Indian country." Movants argue this court should dismiss plaintiff's request for declaratory relief and reserve plaintiff's alternative demand for damages. Tunica–Biloxi Indians opposes the motion for two main reasons: (1) consideration of tribal court jurisdiction is premature due to the tribal exhaustion doctrine; and (2) the tribal court has subject matter jurisdiction.

## LAW & ANALYSIS

### A. Standard of Review

F.L. Crane and Liberty seek relief pursuant to Rule 56 of the Federal Rules of Civil Procedure. Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affida-

vits, if any" when viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986). A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law." *See Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510. A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *See id.; Stewart v. Murphy,* 174 F.3d 530, 533 (5th Cir.1999).

In making its determination, the court must draw all justifiable inferences in favor of the non-moving party. *See Anderson,* 477 U.S. at 255, 106 S.Ct. at 2513. Once the moving party has initially shown "that there is an absence of evidence to support the nonmoving party's case," *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986), the non-moving party must come forward, after adequate time for discovery, with "specific facts" showing a genuine factual issue for trial. *See* Fed. R.Civ.P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Such evidence should create more than a metaphysical doubt about the material facts or should be more than a theoretical possibility that the claim is good. *See id.; Pennington v. Vistron Corp.,* 876 F.2d 414, 426 (5th Cir.1989); *Washington v. Armstrong World Indus.,* 839 F.2d 1121, 1123 (5th Cir.1988). The moving party need only point out the absence of evidence supporting the nonmoving party's case, it "need not negate the elements of the nonmovant's case." *See Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994). Allegations in the pleadings, naked asser-

tions of factual disputes, and conclusory allegations are not sufficient. *See Fontenot v. Upjohn Co.,* 780 F.2d 1190, 1195–96 (5th Cir.1986); *Solo Serve Corp. v. Westowne Assoc.,* 929 F.2d 160, 165 (5th Cir. 1991); *Herrera v. Millsap,* 862 F.2d 1157, 1160 (5th Cir.1989).

While the party opposing the motion may use proof filed by the movant to satisfy his burden, "only evidence—not argument, not facts in the complaint—will satisfy" the burden. *See Solo Serve Corp.* 929 F.2d at 164. "Unsworn pleadings, memoranda or the like are not, of course, competent summary judgment evidence." *See Larry v. White,* 929 F.2d 206, 211 n. 12 (5th Cir.1991), *cert. denied,* 507 U.S. 1051, 113 S.Ct. 1946, 123 L.Ed.2d 651 (1993). If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Fed.R.Civ.P. 56(e).

Fed.R.Civ.P. 56(d) permits a partial summary judgment. Because Rule 56(d) employs the qualifying language "if practicable," the Fifth Circuit properly held, "A court, in its discretion in shaping the case for trial, may deny summary judgment as to portions of the case that are ripe therefor, for the purpose of achieving a more orderly or expeditious handling of the entire litigation." *Powell v. Radkins,* 506 F.2d 763 (5th Cir.1975).

## B. Tribal Exhaustion Doctrine

*National Farmers Union Insurance Companies v. Crow Tribe of Indians,* 471 U.S. 845, 105 S.Ct. 2447, 85 L.Ed.2d 818 (1985), is the Supreme Court's fountainhead decision for the tribal exhaustion doctrine. Employing a policy of supporting tribal self-government and self-determination, the Court explained that the forum whose jurisdiction is being challenged should have "the first opportunity to evalu-

ate the factual and legal bases for the challenge." *Id.* at 2454. In order to avoid a "procedural nightmare," this federal court should "stay[ ] its hand until after the Tribal Court has had a full opportunity to determine its own jurisdiction and to rectify any errors it may have made." *Id.* The tribal exhaustion doctrine is prudential, not jurisdictional. *Iowa Mut., Ins. Co. v. LaPlante,* 480 U.S. 9, 20, 107 S.Ct. 971, 94 L.Ed.2d 10 n. 14 (1987); *Strate v. A–1 Contractors,* 520 U.S. 438, 451, 117 S.Ct. 1404, 137 L.Ed.2d 661 (1997).

■ The Supreme Court further clarified what constitutes exhaustion of tribal court remedies: "At a minimum . . . tribal appellate courts must have the opportunity to review the determinations of the lower tribal courts." *Iowa Mut. Ins.,* 480 U.S. at 17, 107 S.Ct. 971. As explained in *Iowa Mutual,* the tribal exhaustion doctrine applies "until appellate review is complete." *Id.* A trial on the merits, however, is not required to satisfy the tribal exhaustion doctrine. *Enlow v. Moore,* 134 F.3d 993 (10th Cir.1998).

The only issue at question in this case is whether the tribal appellate court had "the opportunity to review the determinations of the lower tribal courts." *Iowa Mut. Ins.,* 480 U.S. at 17, 107 S.Ct. 971. Not only did it have the opportunity to review the determination of the tribal trial court, the appellate court actually reviewed that determination. This court is aware of no authority indicating review for abuse of discretion is insufficient to satisfy the tribal exhaustion doctrine. The tribal appellate court has "had a full opportunity to determine its own jurisdiction and to rectify any errors it may have made."

Even if review for abuse of discretion is insufficient, however, the tribal court system has been given a full opportunity to determine subject matter jurisdiction. The tribal trial court had the opportunity to certify its determination as appealable, but chose not to do so. Tribal courts cannot circumvent this court's authority and obligation to determine tribal court jurisdiction by conducting an unauthorized trial for an estimated four to six weeks.

## C. Jurisdiction

■ The parties do not contest that federal jurisprudence indicates federal and tribal courts have concurrent subject matter jurisdiction over matters arising out of actions or conduct by non-members of the tribe in "Indian country." *See Alaska v. Native Village of Venetie,* 522 U.S. 520, 527, 118 S.Ct. 948, 140 L.Ed.2d 30 (1998) (citing *DeCoteau v. District County Court for Tenth Judicial Dist.,* 420 U.S. 425, 427, n. 2, 95 S.Ct. 1082, 43 L.Ed.2d 300 (1975)); *Iowa Mut. Ins. Co.,* 480 U.S. at 18, 107 S.Ct. 971; *Indian Country, U.S.A. v. Oklahoma Tax Com'n,* 829 F.2d 967, 973 (10th Cir.1987). In other words, "[g]enerally speaking, primary jurisdiction over land that is Indian country rests with the Federal Government and the Indian tribe inhabiting it, and not with the States." *Alaska,* 522 U.S. at 527, n. 1, 118 S.Ct. 948 (citing *South Dakota v. Yankton Sioux Tribe,* 522 U.S. 329, 343, 118 S.Ct. 789, 139 L.Ed.2d 773 (1998)).[2] Tribal court jurisdiction over such matters can be "limited by a specific treaty or federal statute." *Iowa Mut. Ins. Co.,* 480 U.S. at 18, 107 S.Ct. 971.

■ "Indian country" is defined at 18 U.S.C. § 1151[3]:

---

**2.** Federal courts sometimes equate the terms "tribal land," "Indian land," or "reservation land" with "Indian country."

**3.** "Although this definition by its terms relates only to federal criminal jurisdiction, we have recognized that it also generally applies to

"Indian country" ... means (a) all land within the limits of any Indian reservation under the jurisdiction of the United States Government, notwithstanding the issuance of any patent, and, including rights-of-way running through the reservation, (b) all dependent Indian communities within the borders of the United States whether within the original or subsequently acquired territory thereof, and whether within or without the limits of a state, and (c) all Indian allotments, the Indian titles to which have not been extinguished, including rights-of-way running through the same.

Whether the hotel land is Indian country depends on whether it qualifies as a "dependent Indian community." As indicated by the United States Supreme Court in *Alaska,* the term "dependent Indian community" "refers to a limited category of Indian lands that are neither reservations nor allotments, and that satisfy two requirements—first, they must have been set aside by the Federal Government for the use of the Indians as Indian land; second, they must be under federal superintendence." *Alaska,* 522 U.S. at 527, 118 S.Ct. 948.

■ The federal set-aside requirement ensures that the land in question is occupied by an "Indian community." *Alaska,* 522 U.S. at 531, 118 S.Ct. 948. The Supreme Court makes it clear that "some explicit action by Congress (or the Executive, acting under delegated authority) must be taken to create or to recognize Indian country." *Alaska,* 522 U.S. at 530, n. 6, 118 S.Ct. 948. Land is not Indian country merely because it is owned by a federally recognized tribe. *Alaska,* 522 U.S. at 530, n. 5, 118 S.Ct. 948. Even the

Ninth Circuit recognized that "[f]ee [l]and does not become Indian country simply because of its tribal ownership or because of its proximity or importance to the ... [r]eservation." *Blunk v. Arizona Department of Transportation,* 177 F.3d 879, 884 (9th Cir.1999) (citation omitted).

The tribe points to numerous activities and laws that it argues constitute an unofficial set-aside. Citing *United States v. Azure,* 801 F.2d 336, 338 (8th Cir.1986), Tunica–Biloxi Indians argues that trust status is not required to prove a set aside because a de facto reservation can be established by actions of the government. This argument is unpersuasive for two reasons. First, the establishment of a reservation is different from the establishment of a dependent Indian community.[4] Second, even though trust status may not be required, the tribe provides no authority, either direct or analogous, indicating the activities and laws it cites constitute a set aside.[5]

Due to the lack of a set aside by the federal government, the hotel land was not Indian country at the time F.L. Crane worked on the construction project. The tribal court, therefore, does not have subject matter jurisdiction over this action against F.L. Crane or Liberty.

## CONCLUSION

Based on the foregoing, there is no genuine issue of material fact regarding whether the tribal court has subject matter jurisdiction over the claims brought against F.L. Crane and Liberty. Because the tribal court has no subject matter jurisdiction over those claims, F.L. Crane &

---

questions of civil jurisdiction." *Alaska,* 522 U.S. at 527, 118 S.Ct. 948.

**4.** Plaintiff has not contested that the hotel land is not reservation land.

**5.** Further, the tribe provides no evidence substantiating its recitation. The exhibits referenced in the Tunica–Biloxi Indians' reply memorandum are not filed in the record.

Liberty's [doc. no. 257] motion for partial summary judgment is GRANTED. The Tunica–Biloxi Indians declaratory action against F.L. Crane and Liberty is DISMISSED WITH PREJUDICE.

### PARTIAL JUDGMENT

For reasons set forth on this date, the [doc. no. 257] motion for partial summary judgment filed by defendants F.L. Crane & Sons, Inc. and Liberty Mutual Insurance Company is GRANTED. The declaratory action of plaintiff, Tunica–Biloxi Indians of Louisiana d/b/a Paragon Casino Resort, against F.L. Crane & Sons, Inc. and Liberty Mutual Insurance Company is DISMISSED WITH PREJUDICE.

### PARTIAL JUDGMENT

Before the court is a [doc. no. 311] motion for partial summary judgment filed by defendant McElroy Metal, Inc. ("McElroy"). For the reasons articulated in this court's partial summary judgment rendered this date concerning a similar motion filed by F.L. Crane & Sons, Inc. and Liberty Mutual Insurance Company, McElroy's motion is GRANTED. The claim for a declaratory judgment filed by plaintiff, Tunica–Biloxi Indians of Louisiana d/b/a Paragon Casino Resort, against McElroy Metal, Inc. is DISMISSED WITH PREJUDICE.