381 So.2d 13 (1980)
James P. MILES et al.
v.
ST. PAUL FIRE & MARINE INS. CO.
Elgin DARDEN et al.
v.
ST. PAUL FIRE & MARINE INS. CO.
Charles Lloyd GILBERT
v.
ST. PAUL FIRE & MARINE INS. Co.
C. L. GILBERT et al.
v.
ST. PAUL FIRE & MARINE INS. CO.
78-461 and 78-500 to 78-502.
Supreme Court of Alabama.
January 11, 1980.
Rehearing Denied March 7, 1980.
*14 William P. Boggs and J. Marise Mims of Boggs & Mims, Clanton, for appellants.
Robert E. Parsons of McDaniel, Hall, Parsons & Conerly, Birmingham, for appellees.
PER CURIAM.
These four consolidated cases involve the exact policy provision which was recently considered by this Court and set out in Watkins v. St. Paul Fire and Marine Insurance Co., 376 So.2d 660 (Ala.1979). The Watkins case involved a summary judgment granted in favor of the insurance company. We reversed and remanded because we concluded that a question of fact existed with respect to whether or not an attorney-client relationship existed between the insured, Attorney John Marcus, and Mrs. Watkins.
In these four cases, it is undisputed that all of the parties-plaintiffs had, at one time, been clients of the insured. All of them left funds with the attorney to be invested by him in what he designated "the lawyer-client trust fund." The trial court construed the policy provision to preclude coverage because, in its words, "there was not an ordinary regular attorney client relationship between these plaintiffs and Mr. Marcus." Apparently, the trial court believed that the policy afforded coverage only if the insured was actually representing the plaintiffs in a legal proceeding at the time of the loss. However, the policy provision which provides coverage includes "the insured's acts as an administrator, conservator, executor, guardian, trustee or any similar fiduciary capacity . . . ." Mr. Marcus, representing these people as an investment counselor, surely was acting in a fiduciary capacity with respect to each of them, all of whom were undisputedly clients of his. Therefore, under at least one construction of the policy provision, there was coverage. It is axiomatic that, if a policy is subject to more than one interpretation, it is to be construed to afford coverage and against the insuror. Black's Law Dictionary, Revised Fourth Edition, defines fiduciary capacity as follows:
"One is said to act in a `fiduciary capacity' or to receive money or contract a debt in a `fiduciary capacity,' when the business which he transacts, or the money or property which he handles, is not his own or for his own benefit, but for the benefit of another person, as to whom he stands in a relation implying and necessitating great confidence and trust on the one part and a high degree of good faith on the other part."
It is undisputed that Mr. Marcus solicited clients which he represented in a legal capacity to invest in his "attorney-client trust fund." This is activity which the policy insures against. We reverse because we are convinced that the trial court's conclusion to the contrary is palpably erroneous.
REVERSED AND REMANDED.
TORBERT, C. J., and BLOODWORTH, MADDOX, FAULKNER, ALMON, SHORES and BEATTY, JJ., concur.
JONES and EMBRY, JJ., concur in the result.
JONES, Justice, concurring in the result:
These consolidated cases are strikingly similar to the earlier case of Watkins v. St. Paul Fire and Marine Insurance Co., supra, in which I dissented with a written opinion. I have not changed my view; but a majority of this Court has spoken and I agree that the instant appeals are controlled by the Watkins decision. Thus, I yield to the majority and concur in the result to reverse and remand.
EMBRY, J., concurs.