John H. MARCUS, Plaintiff-Appellant,

v.

ST. PAUL FIRE AND MARINE INSURANCE COMPANY, Defendant-Appellee.

No. 79–2904.

United States Court of Appeals, Fifth Circuit. Unit B

July 23, 1981.

Donald L. Collins, Gadsden, Ala., Ira De Ment, Montgomery, Ala., for plaintiff-appellant.

Rushton, Stakely, Johnston & Garrett, Charles A. Stakely, Jr., Robert A. Huffaker, Montgomery, Ala., for defendant-appellee.

Before GODBOLD, Chief Judge, MORGAN and HENDERSON, Circuit Judges.

HENDERSON, Circuit Judge:

The plaintiff-appellant John H. Marcus, appeals from the district court's grant of summary judgment in favor of St. Paul Fire & Marine Insurance Company (hereinafter referred to as "St. Paul") in an action based on a professional liability insurance policy. We reverse.

Marcus filed suit against his malpractice insurer, St. Paul, for breach of the insurance contract. The policy afforded protection against professional liability in connection with his legal practice. The pertinent provision in the policy touching this controversy reads:

> To pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages arising out of the performance of professional services for others in the Insured's capacity as a lawyer and caused by the Insured or any other person for whose acts the Insured is legally liable (the performance of professional services shall be deemed to include the Insured's acts as an administrator, conservator, executor, guardian, trustee or in any similar fiduciary capacity, but only to the extent for which in the usual attorney-client relationship the Insured would be legally responsible as attorney for a fiduciary). . . .

Marcus contends that St. Paul wrongfully refused to defend and did not, in fact, appear in several suits filed against him in the

Circuit Court of Chilton County, Alabama by six former clients.

Certain of Marcus' clients turned over to him various amounts of money for investment purposes. These sums were to be paid back with interest, at fixed times in the future. The six state suits charged him with failure to repay the money. Judgments were entered against him in each of these actions. Because Marcus could not pay the awards, however, the former clients were forced to institute parallel actions in state court against St. Paul directly on the professional liability policy at issue in this case. St. Paul was granted summary judgments for the stated reason that the obligations did not arise out of the performance of professional legal services as covered by the policy. All but one of the claimants appealed the adverse decisions to the Supreme Court of Alabama.

In the meantime, Marcus sued St. Paul in the United States District Court for the Middle District of Alabama for breach of its duty to defend, alleging (1) breach of the contract, (2) negligent failure to perform the contractual duty owed under the insurance policy, (3) wanton and wrongful breach of the contract of insurance and (4) willful, tortious and bad faith breach of the insurance policy. Prior to a decision by the Alabama Supreme Court on the clients' cases against St. Paul, the district court granted St. Paul's motion for summary judgment against Marcus on grounds of "stare decisis and collateral estoppel, if not res judicata". (Record at 251). According to the reasoning of the district court, it was bound by the state court's determination that the policy did not cover the insured's default in debtor-creditor relationships, even if those arrangements were with former clients. With the transactions and coverage so classified, the district court concluded that there were no material facts in dispute and summary judgment was proper as a matter of law. Nevertheless, Marcus was granted the right to refile his suit in the event that the Alabama Supreme Court reversed and held that the policy did afford coverage in suits of this nature.

Shortly thereafter the state supreme court did reverse judgment on one appeal, relying on the Alabama "scintilla rule" which precludes summary judgment when there is slight evidence to support the opposing position. *Watkins v. St. Paul Fire & Marine Insurance Co.*, 376 So.2d 660 (Ala. 1979). The defending party need only furnish the smallest trace of evidence to insure a trial on the merits. *Wilson v. Liberty National Life Insurance Co.*, 331 So.2d 617, 620 (Ala.1976). The glimmer found by the court in *Watkins* was Marcus' testimony by deposition that his relationship with Watkins was always that of attorney-at-law acting in a fiduciary capacity.

In light of *Watkins*, Marcus sought reconsideration of the prior adverse district court decision.[1] Rather than changing his prior determination, the district judge adhered to his estoppel ruling and expanded the basis for the summary judgment against Marcus with an additional independent finding that the actions for which Marcus had been held liable were not within the policy coverage as a matter of law.[2]

The Supreme Court of Alabama continued to strengthen its opposite stance. After this appeal was lodged, it reversed St. Paul's summary judgments in four of the other actions in the state trial court. The court said:

It is undisputed that Mr. Marcus solicited clients which he represented in a legal capacity to invest in his "attorney-client trust fund". This is activity which the policy insured against. We reverse because we are convinced that the trial court's conclusion to the contrary is palpably erroneous.

---

1. Marcus had already filed a notice of appeal to this court. At his request, we vacated the judgment of the district court and remanded the action for reconsideration by the trial court. (Record at 280).

2. The court noted that language in the investment trust agreement was indicative of a true debtor-creditor relationship. Marcus did not assume the obligations of a trustee, he merely "borrowed sums of money and agreed to pay a fixed interest rate over a definite period of time". (Record at 261).

*Miles v. St. Paul Fire & Marine Insurance Co.,* 381 So.2d 13, 14 (Ala.1980). The opinion's forceful language leaves no doubt that the court found much more than a scintilla of evidence that the policy provided coverage.

As stated earlier, the sole issue in this appeal is the propriety of the federal court summary judgment. We may easily dispose of the district court's reliance on collateral estoppel.[3] Instead, our focus is on the court's additional ruling on the motion for reconsideration that as a matter of fact and law the policy does not cover the judgments against Marcus.

In determining the merits of this latter conclusion, we are guided by a different standard than the scintilla rule followed by the Supreme Court of Alabama. In federal court, a motion for summary judgment may be granted only if there is no issue as to any material fact and the law favors the moving party. Fed.R.Civ.P. Rule 56(c) (1976); *Chavez v. Noble Drilling Corp.,* 567 F.2d 287, 289 (5th Cir. 1978). There is no discretion to award summary judgment if this standard is not met. Summary judgment is not proper if there is substantial evidence to support the opposing party's allegations. The federal substantial evidence rule barring summary judgment entails a far greater showing than the mere suspicion or scintilla of evidence criterion employed by the Alabama courts. *Roberts v. Browning,* 610 F.2d 528, 531–32 (8th Cir. 1979).

Because different standards apply in federal court and the Alabama forum, we do not feel constrained to automatically follow the lead of the Alabama Supreme Court and reverse the trial court. The district judge did not have the benefit of the Alabama Supreme Court's opinion in *Miles* when he denied Marcus' motion for reconsideration. However, it is obvious that the state appellate court found substantial evidence probative of policy coverage, *i. e.* that the judgments rested on obligations arising from attorney-client relationships rather than in a debtor-creditor context. A federal fact-finder might analyze the facts similarly. Thus, summary judgment, a harsh remedy which should be granted only when the result is clear, is not warranted because apparently there was not only a scintilla of evidence, but substantial evidence, in support of the plaintiff's complaint. *See National Association of Government Employees v. Campbell,* 593 F.2d 1023 (D.C.Cir. 1978); *People of the State of California v. United States,* 561 F.2d 731 (9th Cir. 1977).

Even if St. Paul were entitled to summary judgment, the sound exercise of judicial discretion dictates that the motion should be denied to give the parties an opportunity to fully develop the case. This is particularly true in light of the posture of the entire litigation. A district judge can perform this "negative discretionary function" and deny a Rule 56 motion that may be justifiable under the rule, if policy considerations counsel caution. *McLain v. Meier,* 612 F.2d 349, 356 (8th Cir. 1979) *after remand,* 637 F.2d 1159 (8th Cir. 1980). Without implying that summary judgment was proper under the federal standard, we note that the motion should nevertheless be denied for policy reasons.

We REVERSE and REMAND to the district court for proceedings consistent with this opinion.

---

**3.** A party may be precluded by factual issues decided *against* it in a previous case, even if the estoppel is raised in the second case by a litigant who was not a party to the first proceeding in which the issue was determined. A stranger, however, is not bound by the resolution of an issue in favor of a party in a previous litigation. This is so because the third party must have the opportunity to make his own case against the litigant in the earlier proceeding. 1B Moore's Federal Practice ¶ 0.441[3] (Supp.1980–81). The Alabama law of collateral estoppel, which governs the effect to be given its judgments in this diversity action, does not deviate from these general principles. *See Wheeler v. First Alabama Bank of Birmingham,* 364 So.2d 1190 (Ala.1978).