YKL JAPAN LTD., a Japanese Corporation, Plaintiff

v.

F/V KORBEE #1, Defendant In Rem, and
KOREA OCEAN FISHERIES, Defendant In Personam,
STARKIST FOODS, INC. and STARKIST SAMOA, INC.,
Intervenors-Plaintiffs,
PEARL OF PARADISE, INC., Intervenor-Plaintiff.
YKL JAPAN LTD., a Japanese Corporation, Plaintiff

v.

F/V KORAM #2, Defendant In Rem, and
KOREA OCEAN FISHERIES, Defendant In Personam,
STARKIST FOODS, INC. and STARKIST SAMOA, INC.,
Intervenors-Plaintiffs,
PEARL OF PARADISE, INC., Intervenor-Plaintiff.
PAGO PETROLEUM PRODUCTS, INC., Plaintiff,

v.

M/V KORBEE #1, Defendant In Rem,
STARKIST FOODS, INC. and STARKIST SAMOA, INC.,
Intervenors-Plaintiffs.
SAMOA EXPORT & IMPORT INC., an American Samoa
Corporation, Plaintiff,

v.

F/V KORBEE #1 and F/V KORAM #2, Defendants In Rem, and
KOREA WONYANG CO., Defendant In Personam,
STARKIST FOODS, INC. and STARKIST SAMOA, INC.,
Intervenors-Plaintiffs,
PEARL OF PARADISE, INC., Intervenor-Plaintiff.
SOUTHWEST MARINE OF SAMOA, INC., Plaintiff

v.

M/V KORAM #2, Defendant In Rem, and
KOREA WONYANG FISHERIES CO., LTD., a Korean
Corporation, and STARKIST SAMOA, INC., a Corporation,
Defendants In Personam

STARKIST SAMOA, INC., Cross-Complainant

v.

M/V KORAM #2, Cross-Defendant In Rem, and
KOREA WONYANG FISHERIES CO., a Korean Corporation,
Cross-Defendant In Personam.
SOUTHWEST MARINE OF SAMOA, INC., an American Samoa
Corporation, Plaintiff,

v.

F/V KORBEE #5 and F/V KORBEE #6, Defendants In Rem, and
KOREA WONYANG CO., Defendant In Personam,
STARKIST FOODS, INC. and STARKIST SAMOA, INC.,
Intervenors-Plaintiffs
PEARL OF PARADISE, INC., Intervenor-Plaintiff.
PAGO PETROLEUM PRODUCTS, INC., Plaintiff,

v.

M/V KORBEE #6, Defendant In Rem and
KOREA WONYANG CO., Defendant In Personam,
STARKIST FOODS, INC. and STARKIST SAMOA, INC.,
Intervenors-Plaintiffs.

High Court of American Samoa
Trial Division

CA No. 08-92
CA No. 10-92
CA No. 11-92
CA No. 15-92
CA No. 17-92
CA No. 18-92

January 31, 1994

Before KRUSE, Chief Justice, MAILO, Associate Judge, and BETHAM, Associate Judge.

Counsel: For Plaintiffs YKL Japan and Samoa Export & Import, William H. Reardon
For Plaintiff Southwest Marine, Michael H. Crew
For Plaintiff Pago Petroleum, Ellen A. Ryan
For Intervenor-Plaintiff Pearl of Paradise, Aumoeualogo Salanoa Soli
For Defendants/Intervenors-Plaintiffs Star-Kist Foods and Star-Kist Samoa, Roy J.D. Hall, Jr.

Order on Motions for Summary Judgment:

## PROCEDURAL HISTORY

On August 9, 1993, Southwest Marine filed its motion and memorandum for summary judgment. On August 24, 1993, Pearl of Paradise filed its motion and memorandum for summary judgment. On August 20, 1993, YKL/SEI filed its motion and memorandum for summary judgment. On August 26, 1993, Pago Petroleum filed a "Memorandum in Response to Motion for Summary Judgment." Star-Kist filed its own motion and memorandum for summary judgment on August 26, 1993. The motions were presented in court on August 27, 1993, but the hearing on these motions were continued to Sept. 24. On September 24, 1993, the court held a hearing on the summary judgment motions and requested that the parties file proposed findings of fact and conclusions of law. These proposed orders were filed on October 15, 1993 (with supplemental memoranda accepted on December 2).

## STANDARD OF REVIEW

■ Summary judgment is only appropriate when "no genuine issue as to any material fact" exists. T.C.R.C.P. 56(c); *see Anderson v. Liberty · Lobby*, 477 U.S. 242, 247-50 [91 L. Ed. 2d 202, 211-12] (1986) (Fed. R. Civ. P. 56(c)); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 [91 L. Ed. 2d 265, 273-74] (1986) (Fed. R. Civ. P. 56(c)). In reviewing the pleadings and supporting papers, a court must view them in the light most favorable to the non-moving party. *D. Gokal & v. Daily Shoppers Inc.*, 13 A.S.R.2d 11, 12 (Trial Div. 1989) (citing *United States v. Diebold*, 369 U.S. 654 (1962); *Lokan v. Lokan*, 6 A.S.R.2d 44, 46 (1987)). That is, the facts must be "beyond dispute," and the non-moving party's factual assertions, supported by evidence such as affidavits, are presumed to be true. *Ah Mai v. American Samoa Govt (Mem.)*, 11 A.S.R.2d 133, 136 (Trial Div. 1989).

■ As such, "[s]ummary judgment is a drastic remedy to be granted only where the requirements of Rule 56 . . . have clearly been met. A motion for such a judgment does not entitle the court to try issues of fact." *United States v. Bosurgi*, 530 F.2d 1105, 1110 (2d Cir. 1976). In deciding the existence of factual issues to be tried, a court "must resolve all ambiguities and draw all reasonable inferences in favor of the party against whom summary judgment is sought . . . with the burden on the moving party to demonstrate the absence of any material factual issue genuinely in dispute." *Id.* (quoting *Heyman v. Commerce & Indus. Ins.*, 524 F.2d 1317, 1320 (2d Cir. 1975)). Thus, "summary judgment should not be granted unless the entire record shows a right to judgment with such clarity as to leave no room for controversy and establishes affirmatively that the adverse party cannot prevail under any circumstances." *United States v. Bachman*, 601 F. Supp. 1537, 1540 (E.D. Wis. 1985) (citing *Prince v. Pittston*, 63 F.R.D. 28, 32 (S.D.W. Va. 1974)).

■ Furthermore, a trial court possesses the discretion to *deny* a summary judgment motion. A summary judgment motion may be denied when the trial court desires an "inquiry into the facts to clarify the application of the law." *Bachman*, 601 F. Supp. at 1540. Even if technically justified, a summary judgment motion may be denied in order "to give the parties an opportunity to fully develop the case." *United States v. Merchants Natl Bank of Mobile*, 772 F.2d 1522, 1524 (11th Cir. 1985) (per curiam) (quoting *Marcus v. St. Paul Fire & Marine Ins.*, 651 F.2d 379, 382 (5th Cir. Unit B 1981)). This is especially true when a court may be able to avoid deciding difficult or uncertain questions of law by making factual

determinations. *See Olberding v. United States Dept of Defense*, 564 F. Supp. 907, 908-09 n.1 (S.D. Iowa 1982), *aff'd* 709 F.2d 621 (8th Cir. 1983).

## DISCUSSION

The claimants have all sought summary judgment, which should mean that no disputes over material facts exist. However, this is not the case. Despite each party's assertions of its entitlement to summary judgment, "genuine issues of material fact" clearly exist. Indeed, this court is hard pressed to find any area which is not in dispute.

The parties' motions and supporting memoranda, including the proposed findings of fact and conclusions of law, demonstrate profound disagreements as to the existence, characterization, priority, and amounts of the asserted claims. Even when some parties claim to adopt arguments of other parties, issues such as priorities of liens are present. Even a so-called stipulation states that each party reserved the right to claim amounts in excess of those supposedly agreed to. Additionally, the parties' claims are sometimes self-contradictory.

Beyond the parties' across-the-board dispute over factual issues, this case involves complicated legal issues. The disputes over material facts are exacerbated by the "shotgun" approach to the law taken by the parties in pressing their respective claims. As a consolidation of seven cases, this action involves complex issues of fact and law. Not only does this lawsuit involve the arcane area of admiralty law, the development of which is in its infancy in the territory, but it also concerns areas including contracts and secured transactions.

In short, summary judgment is inappropriate here. Even if summary judgment were technically permissible on certain matters, this case is best handled as a whole and decided on the merits after a full exposition of the facts and applicable law.

## DEPOSIT OF FISH-SALES PROCEEDS INTO COURTS FUND

The following stipulations among claimants, Star-Kist, and KWF to release fish cargos to the Star-Kist Samoa cannery for processing and to deposit the "total proceeds" in the court registry were filed by the parties and implemented by these court orders: (1) YKL-M/V Korbee #1 (CA No. 7-92, Order of Jan. 28, 1992); (2) YKL-M/V Koram #2 (CA No. 8-92, Order of Jan. 28, 1992); and (3) SEI-M/V Korbee #1 & Koram #2

(CA No. 11-92, Order of Jan. 28, 1992). An order granted an *ex parte* application to the same effect regarding Pago Petroleum-M/V Korbee #1 (CA No. 10-92, Order of Jan. 29, 1992).

The following stipulations to release the fish cargos for processing and to deposit the proceeds, "subject to withholding of Starkist Samoa, Inc.'s trip advances to this vessel for its last voyage only and for funds sufficient to pay crew wages for costs attributable to the last fishing voyage," were filed by the parties and implemented by these court orders: (1) SWM-M/V Koram #2 (CA No. 15-92, Order of Feb. 14, 1992); (2) SEI-F/V Korbee #5 & F/V Korbee #6 (CA No. 17-92, Order of Feb. 18, 1992); (3) Pago Petroleum-M/V Korbee #6 (CA No. 18-92, Order of Feb. 18, 1992).

Prior to depositing the proceeds of the fish sales, Star-Kist subtracted amounts for fish which were rejected for processing and for what it terms "prepaid fish advances." The other claimants dispute both subtractions from the gross sales proceeds. Because the amounts subtracted for the rejected fish seems to reflect industry practice regarding payments for fish deliveries, Star-Kist will be permitted to retain these amounts for the time being.

On the other hand, Star-Kist's withholding of sums for its "prepaid fish advances" is contrary to the terms of at least some of the stipulations. Similarly, permitting Star-Kist to subtract those amounts while the other claimants wait for resolution of this case before they can receive payment does not appear to be fair. Thus, Star-Kist should pay these amounts into the court registry.

## CONCLUSION

Therefore, all motions for summary judgment are denied. As for the amounts withheld from the fish-sales proceeds, Star-Kist may retain, for the time being, the amounts for the fish rejects. However, Star-Kist must pay into the court registry the amounts it claims as "prepaid fish advances." Insofar as previous court orders may conflict, they are superseded.

It is so ordered.