**PLAZA DEPARTMENT STORE, INC.,dba PLAZA HOME FURNISHINGS, Plaintiff,and LUMANA`I DEVELOPMENT CORP., Plaintiff/Intervenor**

v.

**MARTY DUCHNAK, dba PRIMOBUILDERS, CIGNA INSURANCE CO., and CIGNA PROPERTY AND CASUALTY Co., Defendants**

High Court of American Samoa
Trial Division

CA No. 15-91

May 24, 1994

Before RICHMOND, Associate Justice, and TAUANU`U, Chief Associate Judge.

Counsel: For Plaintiffs, Marshall Ashley and Jill W. Crew
 For Defendant Marty Duchnak, William H. Reardon and Togiola T.A. Tulafono
 For Defendants Cigna Insurance Co. and Cigna Property and Casualty Co., Roy J.D. Hall, Jr.

Order Denying Motion for Summary Judgment:

## PROCEDURAL HISTORY

Plaintiff Plaza Department Store filed its complaint on February 19, 1991. On August 23, 1991, plaintiff/intervenor Lumana`i · Development Corporation filed a motion to intervene, which was granted on September 19, 1991. On February 15, 1994, Plaza and LDC filed their motion for partial summary judgment on the issue of liability for the warehouse fire. On April 22, 1994, defendants filed their answers opposing the summary judgment motion. A hearing on the motion was held on April 25, 1994.

## STANDARD OF REVIEW

■ Summary judgment is only appropriate when "no genuine issue as to any material fact" exists. T.C.R.C.P. 56(c); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-50 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986). In reviewing the pleadings and supporting papers, a court must view them in the light most favorable to the non-moving party. *King v. Cuyler*, 541 F. Supp. 1230, 1232 (E.D. Pa. 1982); *D. Gokal & Co. v. Daily Shoppers Inc.*, 13 A.S.R.2d 11, 12 (Trial Div. 1989) (citing *United States v. Diebold, Inc.*, 369 U.S. 654 (1962); *Lokan v. Lokan*, 6 A.S.R.2d 44, 46 (1987)). That is, the facts must be "beyond dispute," and the non-moving party's factual assertions, supported by evidence such as affidavits, are presumed to be true. *Ah Mai v. American Samoa Gov't (Mem.)*, 11 A.S.R.2d 133, 136 (Trial Div. 1989). If a factual dispute might affect the outcome of a case, a "genuine issue of material fact" exists. *United States v. Murphy*, 937 F.2d 1032, 1036 (6th Cir. 1991) (citing *Liberty Lobby*, 477 U.S. at 248); *Hartnagel v. Norman*, 953 F.2d 394, 395 (8th Cir. 1992) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Liberty Lobby*, 477 U.S. at 248); *Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d 994, 998 (11th Cir. 1992) (citing *Liberty Lobby*, 477 U.S. at 248; *Matsushita*, 475 U.S. at 587).

■ In short, "the court must recognize that summary judgment is a drastic remedy, resolve all doubts as to the existence of genuine issues of fact against the moving party, and view all inferences from the facts in the light most favorable to the parties opposing the motion." *Mid-South Grizzlies v. National Football League*, 550 F. Supp. 558, 564 (E.D. Pa. 1982) (citing *Continental Ins. Co. v. Bodie*, 682 F.2d 436 (3d Cir. 1982)). Thus, "summary judgment should not be granted unless the entire record shows a right to judgment with such clarity as to leave no room for

controversy and establishes affirmatively that the adverse party cannot prevail under any circumstances." *United States v. Bachman*, 601 F. Supp. 1537, 1540 (E.D. Wis. 1985) (citing *Prince v. Pittston Co.*, 63 F.R.D. 28, 32 (S.D.W. Va. 1974)).

■ Furthermore, a trial court possesses the discretion to deny a summary judgment motion when it desires an "inquiry into the facts to clarify the application of the law." *Bachman*, 601 F. Supp. at 1540. Even if technically justified, a summary judgment motion may be denied in order "to give the parties an opportunity to fully develop the case." *United States v. Merchants Nat'l Bank of Mobile*, 772 F.2d 1522, 1524 (11th Cir. 1985) (per curiam) (quoting *Marcus v. St. Paul Fire & Marine Ins. Co.*, 651 F.2d 379, 382 (5th Cir. Unit B 1981)). Even when the facts are uncontroverted, summary judgment is ordinarily inappropriate in negligence actions. This is so because negligence actions center on the reasonableness of a party's actions. *Utu*, 9 A.S.R.2d at 94 (citing *King v. Avtech Aviation, Inc.*, 655 F.2d 77, 78 (5th Cir. 1981); *Gross v. Southern R.R.*, 414 F.2d 292, 296 (5th Cir. 1969)).

## DISCUSSION

Plaintiffs seek partial summary judgment on the issue of liability for the fire at the Lumana`i Development Corporation's warehouse. They assert that the fire was proximately caused by welding work done by defendant Duchnak and his employees. In this regard, plaintiffs point to the dangers of flying sparks and falling bits of hot metal connected with the welding. Plaintiffs also state that the welders' precautionary measures, particularly a blue plastic tarp, were inadequate. Furthermore, they note violations of A.S.C.A. Chapter 31 in Duchnak's failing to possess a contractor's certification to do welding for hire and his employees' lack of tradesmen's licenses. In alleging liability, plaintiffs utilize a number of legal theories, including strict liability for the statutory violations, strict liability for the use of an abnormally dangerous or ultrahazardous instrumentality, and common negligence.

In contrast, defendants claim that the evidence does not clearly support plaintiffs' theory of causation. First, defendants note that Plaza's employees did not observe a fire before they closed the warehouse. Second, defendants argue that an electrical problem is a likely cause of the fire. Duchnak stated in his deposition that on the same day as the fire, sparks were flying as Plaza employees attempted to conduct repairs. Third, defendants challenge the qualifications of the fire investigator, on whose findings plaintiffs greatly rely.

Additionally, defendants argue that plaintiffs themselves may have had a duty to confirm Duchnak's qualifications and to take safety precautions, such as removing inventory from the warehouse while the welding was in progress. As such, defendants state that even if the welding caused the fire, plaintiffs were also negligent. Defendants also challenge plaintiffs' legal theories, arguing that the statutory violations are merely "negligence per se" or "evidence of negligence" and that welding is not an abnormally dangerous or ultrahazardous activity.

As previously noted, summary judgment is particularly inappropriate in negligence cases. Not only do the parties disagree as to the cause of the fire, but they also disagree as to the reasonableness of their respective safety precautions (or lack thereof). In light of these disputes and the need for a trial to determine the amount of damages once liability is determined, plaintiffs' motion for summary judgment is denied.

It is so ordered.